IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

PATRICIA LARIOS,                               )
                                               )
                    Plaintiff,                 )      TC-MD 180362R
                                               )
            v.                                 )
                                               )
DEPARTMENT OF REVENUE,                         )
State of Oregon,                               )
                                               )
                    Defendant.                 )      **DECISION**

Plaintiff appealed Defendant's Notice of Proposed Refund Adjustment, dated July 23,

2018, for the 2017 tax year. A trial was held on March 20, 2019, in the courtroom of the Oregon

Tax Court. Patricia Larios (Larios) appeared and testified on her own behalf. Melinda Emerson

appeared on behalf of Defendant but did not testify. Plaintiff's Exhibit 1, pages 1 to 36, were

admitted into evidence without objection. Defendant's Exhibits A to E were admitted into

evidence without objection.

## I. STATEMENT OF FACTS

Larios filed her 2017 state income tax return claiming head of household filing status

with three dependent minor children. (Ptf's Ex 1 at 8.) Larios worked as a therapy technician

and reported wages of $35,176. (Ptf's Ex 1 at 1.) For the 2017 tax year, Larios claimed child

and dependent care credit and working family child care credit based on child care payments

made to Derek Bish (Bish) and Rosa Maria Perez Trapala (Trapala). (Def's Ex B at 6.) Larios

claimed a total of $5,652.00 in child care payments and a credit on her tax return of $2,826.

(Def's Ex B at 7, 8.)

Larios testified that she paid Bish $852 by check for child care in 2017. As evidence of

her payments Larios presented a bank copy of a check to Bish dated December 1, 2017, in the

amount of $274.50. (Ptf's Ex 1 at 19.) Larios also presented a bank copy of a check dated January 1, 2018, in the amount of $225.00 and a copy of her duplicate check dated November 1, 2017 in the amount of $351.00 to Bish. (Ptf's Ex 1 at 20, 21.) Larios testified that she presented her duplicate copy of the check as evidence because the check was too old to obtain on-line from her bank.

Larios testified that she paid Trapala $4,800 in cash for child care in 2017. Larios testified that she did not obtain receipts for her payments and Trapala refused to sign anything evidencing payments for 2017. Larios presented a "Child Care Expense Verification" form signed by Trapala dated February 28, 2017, stating day care would be charged at a rate of $300 per month. (Ptf's Ex 1 at 36.) Larios testified that she did not present evidence of child care payments to the department because she had not received Defendant's "Request for Additional Information" letter dated April 12, 2018. (Def's Ex D at 1 - 2.)

## II. ANALYSIS

The issue before the court is whether Plaintiff is entitled to a working family credit and a child care credit for the 2017 tax year based on claimed child care expenses of $5,652. The Working Family Child Care Credit (WFHDC) combines the benefits of Oregon's Working Family Child Care Credit and Child and Dependent care credit into a single refundable tax credit. ORS 315.262. [1] The credit is calculated as a percentage of the qualified child care expenses. ORS 315.262(3). The credit is limited to costs associated with child care "equal to a percentage of employment-related expenses allowable pursuant to section 21 of the Internal Revenue Code * * *." ORS 316.078(1).

///

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

Plaintiff has the burden of proof and must establish her case by a "preponderance" of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence * * *." *Feves v. Dept. of Revenue,* 4 OTR 302, 312 (1971). This court has stated that the preponderance standard "mean[s] more likely than not." *Parker v. Department of Revenue,* TC–MD 101057C, 2012 WL 4763133 at *7 (Or Tax M Div Oct 8, 2012). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet [her] burden of proof." *Reed v. Dept. of Rev.,* 310 Or 260, 265, 798 P2d 235 (1990).

In this case there is no challenge that Larios' work and income makes her eligible for the credit or that she has qualifying dependent children who received child care services. What is at issue, is whether Larios has sufficient proof of her expenses.

Larios' testimony about payments to Bish for child care is corroborated by the Care Provider Statement (Form OR-PS) and a copies of her checks in the amount of $274.50 and $351.00 respectively. However, her check to Bish for services in the month of December 2017, is dated January 1, 2018, and cannot be claimed in the 2017 tax year. Thus, Larios has persuasively proved $625.50 in child care payments to Bish.

Larios' testimony about cash payments to Trapala were not sufficiently corroborated by written records. The child care expense verification form dated February 28, 2017 does show an agreement for Trapala to provide care services for Larios' children at the rate of $300 per month, but it does not show that any payments were actually made. Larios presented a printed copy of text messages showing Trapala's refusal to provide any documentation to assist in this tax case. Consequently, Larios has failed to meet her burden of proof that she made payments to Trapala.

/ / /

/ / /

### III. CONCLUSION

After carefully considering the testimony and evidence presented, the court concludes that Plaintiff has presented sufficient evidence of child care expenses totaling $625.50 in the 2017 tax year.  Now, therefore,

IT IS THE DECISION OF THIS COURT that for the 2017 tax year, Plaintiff is entitled to a working family and child care credit based on child care expenses of $625.50.

Dated this \_\_\_ day of July 2019.

RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on July 19, 2019.*